Jaime **CABARROCAS** and Georgina Cabarrocas, Plaintiffs,

v.

**UNITED STATES of America,** Defendant.

No. 70 C 502.

United States District Court, E. D. New York.

May 10, 1971.

William J. Navin, Port Washington, N. Y., for plaintiffs.

Edward R. Neaher, U. S. Atty., E. D. N. Y., for defendant, by Daniel J. Dinan, and Robert J. Hipple, Attys., Dept. of Justice, Washington, D. C.

BRUCHHAUSEN, District Judge.

This action was brought by Jaime and Georgina Cabarrocas for refund of federal income taxes for the years 1962 through 1966. The plaintiffs claimed they sustained a loss as a result of certain confiscatory acts of the Cuban Government. Subsequently the claims were disallowed upon the ground that the plaintiffs had failed to establish that the losses had occurred after they became resident aliens.

The issue is whether the alleged losses were sustained prior or subsequent to the plaintiffs becoming resident aliens. To prevail they must prove that the losses occurred subsequent to their becoming resident aliens, and that they were business losses. Internal Revenue Code of 1954, Sect. 165 (26 U.S.C.).

The plaintiffs, nationals and residents of Cuba, obtained 90 day reentry permits from the Cuban Ministry of Interior, pursuant to Resolution 454, which law was published in the Official Gazette October 9, 1961. This law granted reentry permits, valid for certain periods of time depending upon whence the party was traveling. Plaintiffs were going to Spain. Therefore, pursuant to law 454 they had 90 days within which to return to Cuba. In the event they failed to return within the designated time period, the Cuban Government would deem their properties abandoned and subject to adjudication by the State. In brief, it was a confiscatory law.

The plaintiffs assert that they sustained losses, pursuant to law 989, which was published December 6, 1961. This law was also confiscatory in nature if Cuban nationals did not reenter within the time prescribed in their permits. Plaintiffs agree that they left Cuba on October 13, 1961 for Spain. Subse-

quently law 989 was promulgated on December 6, 1961. Thereafter, plaintiffs secured necessary papers to enter the United States and did enter there on March 7, 1962. On the said date, plaintiff, Jaime Cabarrocas, obtained employment, continuing thereafter. His earned income for 1962, subjected him to federal income taxes. Thereafter, plaintiffs filed a joint federal income tax return for 1962. On December 29, 1965 and on January 2, 1968 claims for refund were filed by plaintiffs, whereby they asserted that their property in Cuba was expropriated, thus resulting in a loss, deductible in their 1962 return, also that any part thereof, not offset by the 1962 return could be carried forward until fully offset.

The plaintiffs urge that their losses resulted from the Confiscation Act, law 989, of December 6, 1961 and that the 90 day period ran from that day, excluding non-working days and that losses occurred not earlier than March 26, 1962 at which time they were alien residents of the United States.

The position of plaintiffs is untenable.

Both laws are confiscatory in nature. Plaintiffs obtained their permit to leave Cuba, pursuant to law 454, with a reentry proviso of 90 days or suffer the loss of property in Cuba. It is not clear whether the time commences to run from the day the permit is issued or from the time the national departs to Cuba. If the Court accepts the latter, excluding non-working days, the 90 day period to reenter would expire at the latest in the early part of February, 1962. This is long before plaintiffs entered the United States and gained the status of resident aliens which occurred on March 7, 1962. Both laws are substantially identical. The only amendment in law 989 appears to be for those persons who abandoned Cuba prior to September 14, 1961 with a permit granted by the Superior Urban Reform Board. This class may apply for a ratification of said permit by the Ministry of the Interior.

The Court concludes that plaintiffs departed from Cuba on October 13, 1961, pursuant to law 454 and that the reentry proviso expired before they became resident aliens and losses, if any, were sustained prior to their gaining the status of resident aliens.

Upon due deliberation, it is ordered that the complaint be and the same hereby is dismissed and judgment entered in favor of the defendant.

Findings of fact and conclusions of law submitted by defendant have been signed.

Copies hereof have been forwarded to the attorneys for the parties.